## In re D. C. CLARK SHOE CO.

### (District Court, D. Massachusetts. December 24, 1913.)

### No. 16,484.

1. BANKRUPTCY (§ 316*)—CLAIMS PROVABLE—FIXED LIABILITY.

An owner of shoe manufacturing machinery leased it to a manufacturer for a term of 17 years unless sooner terminated, the lessee agreeing to pay a specified sum for each pair of boots manufactured and certain annual payments. The lease was terminable at the option of the lessor upon the bankruptcy of the lessee, or at any time upon 30 days' notice in writing, and upon such termination the lessee agreed to pay specified sums as to each machine. If the lease continued for the full term, such payment was not to be exacted, nor was it to be required if the lessor terminated the lease in respect to only such machines as it considered unnecessary in the lessee's business. *Held*, that where the lessee became bankrupt and the lessor terminated the lease, the agreement to make such payments upon termination of the lease became a fixed liability for an ascertained amount presently payable, and the claim thereon was provable in bankruptcy under Bankruptcy Act July 1, 1898, c. 541, § 63a, subsec. 1, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), providing that debts may be proved and allowed which are a fixed liability, as evidenced by an instrument in writing absolutely owing at the time of the filing of the petition, the liability being no less a fixed one because the lessor might have terminated the lease upon grounds which would have relieved the lessee from making such payments.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 474–477; Dec. Dig. § 316.*]

2. BANKRUPTCY (§ 318*)—CLAIMS PROVABLE—FIXED LIABILITY.

Under Bankruptcy Act July 1, 1898, c. 541, § 63a, subsec. 1, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447) providing that debts may be proved which are a fixed liability evidenced by an instrument in writing absolutely owing at the time of the filing of the petition whether then payable or not, and subsection 4 providing that debts founded on express contracts are provable, there is impliedly incorporated in subsection 4 the provision of subsection 1 as to a fixed liability absolutely owing.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

Proceeding in the matter of the D. C. Clark Shoe Company, bankrupt. On petition to review an order of the referee allowing the claim of the United Shoe Machinery Company. Order affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William R. Buckminster, of Boston, Mass., for trustee.
Walter B. Farr, of Boston, Mass., for creditor.

MORTON, District Judge. This is a petition to review an order of the referee allowing the the claim of the United Shoe Machinery Company for $2,731.57. The matter was heard upon agreed facts, which are, in substance, as follows:

[1] The bankrupt manufactured shoes. It obtained from the United Shoe Machinery Company a considerable amount of shoe machinery upon leases. Broadly speaking, these leases provided for the payment of a certain sum yearly upon each machine, further sums for each pair of shoes manufactured with the machine, and still further sums for return charges which became due under the conditions stated in the leases. It is for these return charges that the present claim, so far as now material, was made and was, as the trustee contends, erroneously allowed.

Eight different leases are involved, varying somewhat in their terms. The provisions of those most favorable to the trustee are, so far as material to this case, in substance as follows: The lessor leases to the lessee certain machines which remain its property; the term of the lease is 17 years from its date unless sooner terminated by the lessor as therein provided; the lease is terminable at the option of the lessor upon the bankruptcy of the lessee, and at any time upon 30 days' notice in writing by the lessor to the lessee; the lessee agrees to pay a certain stated sum in respect to each pair of boots manufactured with the machine, and also certain specified annual payments mentioned in the lease, and also "upon expiration or termination of this agreement, or any extension thereof," amounts equal to two-thirds of the sums set opposite the name of each machine in a schedule contained in the lease; provided, however, that in case the lease shall continue throughout the full term of 17 years without any default, then this payment shall not be exacted. It is to be noted that this payment, which is the "return charge" forming the basis of controversy in this case, becomes due and payable, although the lease be terminated by the lessor on account of the lessee's bankruptcy, or simply because the lessor elects to terminate and gives notice of the termination in writing. The lease further provides that if the lessee shall, at any time, have in his factory more machines than in the opinion of the lessor are sufficient for performing the work there, the lessor may, upon 30 days' notice in writing, terminate the lease in respect to such machines as are considered unnecessary, and, in this event, no return charge is to be made in respect to such machines.

[2] By section 63 (a) 1 of the Bankruptcy Act debts of the bankrupt may be proved which are a fixed liability, evidenced by an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not. By subsection (a) 4 debts founded on express contracts are provable; but into this subsection is impliedly incorporated the provision contained in subsection (a) 1 as to fixed liability absolutely owing.

At the time of the filing of this petition the bankrupt had absolutely

agreed to pay the return charges at the expiration of the leases (unless it carried them through without default), and to pay such charges sooner upon any termination of the leases by the lessor. As soon as the lessor terminated the leases, the return charges became immediately payable. It is true that the lessor might do this the day after the machines were installed, and that the leases are extremely onerous and one-sided. No question is made, however, but what the bankrupt took them in good faith; and the mere unfairness of a contract is not ground for rejecting the proof under it.

The lessor has terminated the leases on December 10, 1911, within the time for proving claims. Its action in so doing created a fixed liability of ascertained amount presently payable, for which, it seems to me, it was entitled to prove. Lowell on Bankruptcy, p. 128.

The trustee urges that the leases referred to might have been terminated upon grounds which would have relieved the bankrupt from paying return charges; but it does not seem to me that this possibility prevents the bankrupt's agreement to pay on expiration, or on termination by notice, as in this case, from being a fixed liability. The liability is in fact a fixed one, though it might, had the lessor elected, have been discharged by the lessor's withdrawal of the machinery. The only contingency was therefore as to the possible release or non-release of this liability, not as to its existence.

The order of the referee allowing the sum of $2,626.30 on account of return charges, which, with the further sum of $105.27 for guaranteed royalties, constitutes the total allowance of the claim of the United Shoe Machinery Company in the sum of $2,731.57, is affirmed.